IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| CONNIE MICHELLE MCKENZIE,    ) | CIVIL ACTION NO. 9:14-4816-RMG-BM |
| Plaintiff,    ) | |
| v.    ) | **REPORT AND RECOMMENDATION** |
| CAROLYN W. COLVIN,    ) Acting Commissioner of Social Security,    ) | |
| Defendant.    ) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a)(D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) on June 9, 2010, alleging disability beginning June 30, 2005,[1] because of an impairment to her back. (R.pp. 230, 271). Plaintiff's claim was denied both initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held August 16, 2012. (R.pp. 36-65). On August 31, 2012, the ALJ issued a partially favorable decision awarding a closed period of benefits from March 14, 2008 through January 5, 2011, but finding that Plaintiff's condition

---

[1] Plaintiff's alleged onset date was later amended to March 14, 2008. (R.pp. 63-64, 88).



medically improved as of January 6, 2011, and that she was therefore no longer entitled to benefits after that date. (R.pp. 88-100).

On January 31, 2014, the Appeals Council affirmed the ALJ's decision as to the closed period, but remanded the matter to the ALJ to issue a new decision as to the period beginning January 6, 2011, with instructions to further consider Plaintiff's treating physician's opinions and Plaintiff's use of a cane to ambulate. (R.pp. 107-111). A second hearing before the ALJ was thereafter held on May 15, 2014; (R.pp. 66-81); following which the ALJ issued a decision again finding that Plaintiff was not disabled during the relevant time period of January 6, 2011 through June 2, 2014. (R.pp. 19-30). This time, the Appeals Council denied review of the decision, thereby making the decision of the ALJ the final decision of the Commissioner.

Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed. The Commissioner contends that the decision should be upheld because Plaintiff was properly found to no longer be disabled as of January 6, 2011, and that the decision to deny benefits after that time is supported by substantial evidence in the case record.

**Scope of review**

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence



to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also, Hepp v. Astrue, 511 F.3d 798, 806 (8th cir. 2008)[Noting that the substantial evidence standard is even "less demanding than the preponderance of the evidence standard"].

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

A review of the record shows that Plaintiff, who was thirty-nine years old on January 6, 2011, has at least a high school education and past relevant work experience as a bartender, a data entry clerk, an office manager, a waitress, a telephone support technician, and a district manager. (R.pp. 29, 43 272, 280). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience, and functional capacity, and which has lasted or could reasonably be expected

3



to last for a continuous period of not less than twelve (12) months. After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairment[2] of status post anterior lumbar fusion at L5-S1 (R.p. 22), that by January 6, 2011 her condition had improved such that she had the residual functional capacity (RFC) to perform sedentary work[3] with the ability to sit for six hours in an eight hour work-day, and stand and walk occasionally, with the further limitation of performing postural activities only occasionally; never climbing, crawling, or kneeling; and avoiding all work hazards and vibrations. The ALJ further determined that Plaintiff would also need to be able to change positions (sit/stand) every 45 to 60 minutes; use an assistive device for walking more than ten feet; and be required to perform only simple, routine, repetitive tasks. (R.p. 24). At step four, the ALJ found that these limitations would preclude Plaintiff from performing any of her past relevant work. (R.p. 29). However, the ALJ obtained testimony from a vocational expert (VE) and found at step five that Plaintiff could perform other jobs existing in significant numbers in the national economy with these limitations, and was therefore not entitled to disability benefits during the period at issue. (R.pp. 29-30).

    Plaintiff asserts that in reaching this decision the ALJ erred in failing to give controlling weight to the opinion of her treating physician, Dr. Steven Poletti (an orthopedic

---

[2]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140–142 (1987).

[3]Sedentary work is defined as lifting no more than ten pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).



surgeon);[4] in finding that she was no longer disabled as of January 6, 2011 because the record reflects no significant change or improvement in Plaintiff's condition as of that date; and in finding her testimony less than credible. After careful review and consideration of the arguments presented, for the reasons set forth hereinbelow the undersigned is constrained to agree with the Plaintiff that the ALJ did not properly analyze and explain his decision that Plaintiff experienced medical improvement as of January 6, 2011, such that she was no longer disabled, thereby requiring reversal of the decision with remand.

First, although not addressed by the parties, the undersigned is constrained to note that the ALJ did not use the proper analytical framework in reaching his decision. The Social Security Act normally provides for a five-step sequential process to determine if a claimant has a disability: 1) whether the claimant is engaged in substantial gainful activity; 2) whether the claimant has a severe impairment; 3) whether the claimant has an impairment which equals an impairment contained in the Listings of Impairments; 4) whether the impairment prevents the claimant from performing his or her past relevant work; and 5) whether the impairment prevents the claimant from doing any substantial

---

[4]In January 2011, Dr. Poletti opined that Plaintiff had sedentary restrictions, could not sit for extended periods, was unlikely to return to the workplace because of her permanent restrictions, and had a 45-percent impairment. (R.p. 559). In a Medical Source Statement dated August 2, 2012, Dr. Poletti opined that Plaintiff was restricted to occasionally lifting and/or carrying ten pounds; could stand and walk two hours in an eight-hour workday and sit less than six hours in an eight hour workday (which resulted in a total of less than an eight-hour workday) and was "on high dose analgesic medication that impaired her ability to cognitively retrain for sedentary activity." (R.pp. 752-755). In November 2012, Dr. Poletti clarified that (in his August 2012 opinion) he did not find that Plaintiff could sit and/or stand for a total of eight hours in a workday; Plaintiff's pain failed to improve after her visit with him on January 5, 2011; she had significant problems with attention and concentration to task frequently due to her chronic pain and her use of narcotic medications; and the limitations expressed previously (as supplemented by his August and November 2012 statements) were expected to be permanent. (R.p. 349).



gainful employment. 20 C.F.R. § 404.1520. If an individual is found not disabled at any step, then she is not entitled to disability benefits. 20 C.F.R. § 404.1520(4). However, when determining whether a claimant who has previously been found to be disabled continues to be disabled under applicable regulations, as is the case here, the ALJ is required to apply an eight-step sequential evaluation process. See 20 C.F.R. § 404.1594. The eight-step process provides: (1) if the claimant is currently engaging in substantial gainful activity, disability ends; (2) if the claimant has an impairment or combination of impairments that meets or medically equals a listing, disability continues; (3) if the claimant does not meet or equal a listing, the ALJ will determine whether "medical improvement" has occurred; (4) if medical improvement has occurred, the ALJ will determine whether the improvement is related to the claimant's ability to work; (5) if there is no medical improvement—or the medical improvement is found to be unrelated to the claimant's ability to work—disability continues; (6) if there has been medical improvement related to the claimant's ability to work, the ALJ will determine whether all of the current impairments, in combination, are "severe," and if not, disability ends; (7) if the claimant's impairments are considered "severe," the ALJ will determine the claimant's RFC, and if the claimant is able to perform past relevant work, disability ends; (8) if the claimant remains unable to perform past relevant work, the ALJ will determine whether the claimant can perform other work that exists in the national economy given his or her residual functional capacity, age, education, and past relevant work experience. See 20 C.F.R. § 404.1594(f)(1)-(8).

In reaching his August 2012 determination that Plaintiff had medical improvement as of January 6, 2011 (after a closed period of disability from March 14, 2008 through January 5, 2011), such that Plaintiff was no longer entitled to benefits after that date, the ALJ followed the eight-step



evaluation process outlined in 20 C.F.R. § 404.1594 and found that medical improvement had occurred which was related to Plaintiff's ability to work such that her disability did not continue after January 6, 2011. (R.pp. 90-91, 96-100). However, after the Appeals Council remanded the case for a redetermination concerning the period after January 6, 2011; (see R.pp. 108-110); the ALJ did not in his June 2014 decision again utilize the eight-step process to determine whether Plaintiff had experienced medical improvement or continued to be disabled after the closed period award of benefits, instead analyzing Plaintiff's claim under the five-step sequential evaluation process outlined in 20 C.F.R. § 404.1520. (R.pp. 21-22). As such, and despite noting that a closed period of benefits had been awarded the Plaintiff, the ALJ did not discuss whether Plaintiff had experienced medical improvement,[5] other than to state that Plaintiff had not engaged in substantial gainful activity and had not been under a disability since January 6, 2011, the day the ALJ found Plaintiff's "medical improvement began." (R.pp. 22, 30).

The medical improvement regulations set forth in 20 C.F.R. § 404.1594 apply in continuing review of benefits cases. While this appeal involves an award of a closed period of benefits followed by a determination that the closed period ended, rather than a continuing review of benefits, and while not addressed specifically by the Fourth Circuit, other courts have held that the medical improvement standard under § 404.1594 also applies to closed period cases. See Waters v.

---

[5]Medical improvement is defined as "any decrease in the medical severity of your impairment(s) which was present at the time of the most recent favorable medical decision that you were disabled ..." 20 C.F.R. § 404.1594(b)(1). Such a finding must be based on "changes (improvement) in the symptoms, signs and/or laboratory findings associated with the impairments." Id. To determine whether medical improvement has occurred, the severity of the claimant's current medical condition is compared to the severity of the condition "at the time of the most recent favorable medical decision that [the claimant was] disabled." Id.



Barnhart, 276 F.3d 716, 719-720 (5th Cir. 2002); Shepherd v. Apfel, 184 F.3d 1196, 1198 (10th Cir.1999); Burress v. Apfel, 141 F.3d 875 (8th Cir. 1998); Jones v. Shalala, 10 F.3d 522, 523–24 (7th Cir. 1993); Pickett v. Bowen, 833 F.2d 288, 293 (11th Cir.1987); Chrupcala v. Heckler, 829 F.2d 1269, 1274 (3d Cir.1987)["Fairness would certainly seem to require an adequate showing of medical improvement whenever an ALJ determines that disability should be limited to a specified period."]; McDaniel v. Astrue, No. 1:07–CV–779, 2009 WL 929555, at*3 n. 3 (M.D.N.C. Apr. 3, 2009). But see Camp v. Heckler, 780 F.2d 721, 721–22 (8th Cir. 1986) [reading the enacting legislation to refer "to a previous decision in favor of disability, followed by the claimant's receipt of benefits, further followed by a new proceeding resulting in cessation or termination on the ground of medical improvement"].[6] The undersigned finds these cases to be persuasive, and therefore concludes that the ALJ erred by not using the eight-step process under § 404.1594 to determine whether Plaintiff's condition continued to be disabling after January 6, 2011. Indeed, the Commissioner appears to concede that the ALJ was required to determine whether medical improvement had occurred in order to find that Plaintiff was no longer disabled after the closed period of disability. See Commissioner's

---

[6]Additionally, the Social Security Rulings (SSR) have cited the medical improvement regulations as appropriate guidelines in determining when a disability period has "closed." See SSR 02–1p, 2000 WL 628049, at *10 n. 2. (Sept. 12, 2002). The Social Security Administration's Program Operations Manual System (POMS) provides that the comparison date for medical improvement is the disability onset date (which here would be March 14, 2008). See POMS § DI 28010.105(D)(3)[recognizing that, for purposes of a closed period of disability, the onset date of disability is used as the comparison point]; available online at https://secure.ssa.gov/apps10/poms. nsf/lnx/0428010105 (last visited December 22, 2015). The date of the most recent favorable medical decision is called the "point of comparison." 20 C.F.R. § 404.1594(b)(7). When the Commissioner finds that the claimant is disabled for a closed period in the same decision in which she found that a medical improvement occurred, the disability onset date is the "point of comparison." Sagastume v. Colvin, No. TMD 14–2712, 2015 WL 5735488 (D.Md. Sept. 29, 2015); Small v. Astrue, No. 7:08–CV–141–FL, 2009 WL 3029737, at *10 (E.D.N.C. Sept. 22, 2009).

8



Brief, ECF No. 10 at 11 [Citing the definition of medical improvement contained in 20 C.F.R. § 404.1594 and arguing that "the record contains substantial evidence that Plaintiff experienced medical improvement."].

Even so, the Commissioner argues that substantial evidence supports the ALJ's finding of "medical improvement" even while also arguing that the ALJ properly used the five-step process to make his findings. However, even assuming for purposes of further discussion that the eight-step evaluation process was not required to be used in this case, the ALJ's decision is still not supported by substantial evidence, as the ALJ fails to explain in his decision how he determined that, although Plaintiff's condition was disabling up until January 5, 2011, one day later (on January 6, 2011) it was not.

The Commissioner contends that substantial evidence, including postoperative x-rays of Plaintiff's lumbar spine,[7] Plaintiff's declination of repeat MRIs, one treatment record indicating she walked with a non-antalgic gait and had no worsening neurologic deficits, her ability to drive to Wal-Mart to shop once a week, and the opinion of a non-examining state agency physician in February 2011 that Plaintiff could perform a range of light work,[8] supports a finding of medical improvement "as of at least January 6, 2011." ECF No. 10 at 12. However, many of these records

---

[7]Plaintiff underwent provocative disk repair at L3-L4, L4-L5, and L5-S1 in July 2008, and an L4-5 artificial disc replacement and L5-S1 anterior lumbar interbody fusion in June 2009. (R.pp. 385, 389-395). However, these operations not only occurred well before January 6, 2011, but Plaintiff has already been found to have been disabled post-operatively.

[8]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).

9



substantially pre-date January 6, 2011, and in any event this is a post-hoc argument made by the Commissioner in her brief.  Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)[Court cannot engage in independent fact-finding, but is "constrained to review the reasons the ALJ asserts"]; see also Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)[Court cannot affirm a decision on a ground that the ALJ did not himself invoke in making the decision]; Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009)["Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have thinking."]; Nester v. Astrue, No. 08-2045, 2009 WL 349701 at * 2 (E.D. Feb. 12, 2009)[Noting that the Court "may not consider *post hoc* rationalizations but must evaluate only the reasons and conclusions offered by the ALJ."].  It is the ALJ who must explain the rationale for his decision, and in this case the ALJ failed to properly discuss or explain what the medical improvement was that Plaintiff had experienced and/or how it related to Plaintiff's ability to perform work.  Cf. Cotter v. Harris, 642 F.2d 700 (3rd Cir. 1981) [listing cases remanded because of failure to provide explanation or reason for rejecting or not addressing relevant probative evidence]; see also Carlson v. Shalala, 999 F.2d 180, 181 (7th Cir. 1993) ["What we require is that the ALJ sufficiently articulate his assessment of the evidence to 'assure us that the ALJ considered the important evidence ... [and to enable] us to trace the path of the ALJ's reasoning.'"].

Although the Commissioner also cites to evidence from after January 6, 2011, which she argues supports a finding that medical improvement occurred after January 6, 2011, the records indicating Plaintiff obtained relief with medication and injections (although Plaintiff still complained of pain and took narcotic and other pain medications) are from November 2012, June 2013,



December 2013, and April 2014 (R.pp. 764, 769, 771, and 773); the treatment record indicating that Plaintiff walked with a non-antalgic gait and had no worsening neurologic deficits is from December 2013 (R.p. 764); and records indicating that Plaintiff declined MRIs because her pain symptoms (for which, in December 2013, she took Oxycontin twice a day as well as Norco, Zanaflex, and Voltaren gel) were stable or had not worsened are from June and December 2013 (R.pp. 764, 769). These records are all from well after January 6, 2011, and therefore do not support a finding that Plaintiff's condition was no longer disabling (assuming that is what these records otherwise establish) as of January 6, 2011.

The closest contemporaneous record to January 6, 2011 on which the ALJ relies is the state agency physician opinion of February 2011, in which the state agency physician opined that Plaintiff could perform "light work" and which the ALJ gave "significant weight". However, this opinion is based on the state agency physician's review of Plaintiff's medical records from the period of time when Plaintiff's condition had been found to be disabling. (R.pp. 28, 573-574). As such, it does not provide substantial evidence to support the required finding of "medical improvement" in Plaintiff's condition as of January 6, 2011 under § 404.1594(b)(1). See also, n. 5, supra [Defining "Medical Improvement"]. While the Commissioner further argues that postoperative x-rays showing appropriate positioning of lumbar devices and a solid-appearing fusion at L5-S1 with no abnormalities indicated medical improvement, these records also note that Plaintiff complained of episodes of a burning sensation and her back going out and that she took hydrocodone and Soma throughout the day in March 2011 (R.p. 764); the x-ray taken in January 2012 was in conjunction for an emergency room visit for back spasms for which Dilaudid, Valium, and Toradol were given (R.p. 579); while in March 2012 she complained of persistent stiffness and pain in her lower back for



which L4-5 epidural was recommended (R.p. 728).  In any event, since most of these records are dated well after January 6, 2011, some further explanation was required from the ALJ to support a finding that these records showed medical improvement in Plaintiff's condition as of January 6, 2011 sufficient to discontinue Plaintiff's period of disability after that date.  See Lively v. Bowen, 858 F.2d 177, 181 n. 2 (4th Cir. 1988); Pack v. Heckler, 740 F.2d 292, 294 (4th Cir.1984) [The Commissioner bears the initial burden of establishing medical improvement]; see also Chrupcala, 829 F.2d at 1274 ["Fairness would certainly seem to require an adequate showing of medical improvement whenever an ALJ determines that disability should be limited to a specified period."].  No such explanation or analysis is provided by the ALJ in his decision.

Therefore, this case should be reversed and remanded for the Commissioner to properly determine, using the appropriate standard, whether Plaintiff experienced medical improvement during the relevant time period.  With respect to the remainder of Plaintiff's claims of error, the ALJ will be able to reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim.  Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for reevaluation



of the evidence as set forth hereinabove, and for such further administrative action as may be necessary. See <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).

        The parties are referred to the notice page attached hereto.

                                    _____
                                    Bristow Marchant
                                    United States Magistrate Judge

January 4, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>  Robin L. Blume, Clerk
>  United States District Court
>  Post Office Box 835
>  Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

